Law Offices of Jason A. Steinberger, LLC
(JAS 6249)
Attorney for Plaintiff
865-B Walton Avenue
Bronx, NY 10451
(718)585-2833

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
David Podhaskie

                Plaintiff

     -against-

Metropolitan Transportation Authority, Metropolitan
Transportation Authority Police Department, City of New
York, New York City Police Department, Detective Haydee
Urena, shield 1001 of the Metropolitan Transportation
Authority Police Department and Detective John Doe of the
Metropolitan Transportation Authority Police Department,
the person being the partner of Detective Urena.
               Defendants
-----------------------------------------------------------------X



07-CIV
COMPLAINT
WITH JURY DEMAND

  Plaintiff, by and through his attorney, JASON A. STEINBERGER, Esq, for his complaint, alleges upon information and belief as follows:

### Introduction:

1.    Plaintiff David Podhaskie brings this action against the City of New York, New York City Police Department, Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department and Detective Haydee Urena, shield 1001 of the Metropolitan Police Department for damages arising from violation of Plaintiffs civil rights under color of state action, Plaintiff's false arrest, false imprisonment, and other unconstitutional policies and actions, and common law negligence claims arising out of an unlawful arrest, detention and imprisonment by police on January 23, 2006.

## Basis for Jurisdiction:

2. Plaintiff brings this action against Defendants to redress the deprivation of rights secured him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. sec. 1983, and the common law.

3. Plaintiff is a citizen of New York. Each Defendant is, upon information and belief, a citizen or entity of New York State. The amount in controversy, exclusive of interest, costs, and fees, exceeds $100,000.00.

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1332, and 1343(a)(3) and 42 U.S.C. sec.1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over Plaintiff's state claims against the Defendants for common law violations pursuant to 28 U.S.C sec. 1367 as the common law claims form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. sec.1391.

## Parties:

7. Plaintiff David Podhaskie: The Plaintiff is a resident of the State of New York.

8. Defendant City of New York: The Defendant is a municipal corporation organized and existing under the laws of the State of New York, with a principal place of business located at 1 Centre Street, New York, New York.

9. Defendant New York City Police Department: The Defendant department is an agency created and maintained by the above municipal government.

10. Defendant Metropolitan Transportation Authority: The Defendant is a public-benefit corporation chartered by the State of New York, with a principal place of business located at 347 Madison Avenue, New York, NY 10017.

11. Defendant Metropolitan Transportation Authority Police Department: The Defendant department is an agency created and maintained by the above municipal corporation.

12. Defendant Detective Haydee Urena, shield 1001, of the Metropolitan Transportation Authority Police Department: The Defendant is a female police officer currently employed by Defendants Metropolitan Transportation Authority Police Department.

13. Defendant John Doe, detective, shield 0000, of the Metropolitan Transportation Authority Police Department: The Defendant is a male police officer currently employed by Defendants Metropolitan Transportation Authority Police Department. Defendant's actual identity is currently unknown and said information will be amended upon further discovery.

14. The above individuals are sued both individually and in their official capacities. At all times pertinent hereto, Defendant Detectives were employed by Defendant City of New York and Metropolitan Transportation Authority Police Department.

15. On or about March 29, 2006 notice required by Municipal Law 50-E was given to the City of New York, by personal service. Said notice set forth the facts underlying Plaintiff's claim against the City of New York, and its agents and employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the City of New York

16. On or about September 27, 2006 a hearing required by Municipal Law 50-H was conducted. At said hearing, Plaintiff testified and set forth the facts underlying Plaintiff's claim against the City of New York and its agents and employees. To date, no answer has been

received by Plaintiff and no compensation has been offered by the City of New York in response to this claim, and more than thirty (30) days have elapsed.

17. On or about March 28, 2006 notice was given to the Metropolitan Transportation Authority, by personal service. Said notice set forth the facts underlying Plaintiff's claim against the Metropolitan Transportation Authority, and its agents and employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the Metropolitan Transportation Authority, and more than thirty (30) days have elapsed.

18. On or about June 12, 2006 a hearing required by §1276 subdivision 4 of the Public Authorities Law was conducted. At said hearing, Plaintiff testified and set forth the facts underlying Plaintiff's claim against the Metropolitan Transportation Authority and its agents and employees. To date, no answer has been received by Plaintiff and no compensation has been offered by the Metropolitan Transportation Authority in response to this claim

### Facts:

19. On January 15, 2006, Plaintiff reported his camel colored shoulder bag containing a laptop computer, electric razor and various other personal items stolen to the Metropolitan Transportation Authority Police Department located inside of Penn Station, County of New York, New York.

20. On January 22, 2006, Plaintiff received a telephone call from Defendant Detective Haydee Urena requesting that Plaintiff appear at Jamaica Station, Jamaica, County of Queens, New York to discuss his stolen bag.

21. On January 23, 2006 Plaintiff traveled to Jamaica Station, Jamaica, County of Queens, New York to discuss his stolen bag where he was immediately held and confined against his will by Detective Haydee Urena and her partner, John Doe, detective.

22. At no time pertinent hereto did Detective Haydee Urena, John Doe, detective, or any other police officer have probable cause to believe Plaintiff committed or was committing a crime.

23. Detective Haydee Urena and John Doe, detective, then handcuffed Plaintiff and transported him to the Queens County Criminal Court, Central Booking, located at 125-01 Queens Boulevard, Jamaica, NY where was held in a jail cell occupied by numerous other males for approximately 13 hours.

24. On January 24, 2006 Plaintiff was removed from the cell, again placed in handcuffs and transported from Queens County Central Booking to New York County Criminal Court, Central Booking, located at 100 Centre Street, New York, NY where he was again held in a jail cell occupied by numerous other males for approximately 9 hours.

25. On January 24, 2006, Plaintiff was arraigned in New York County Criminal Court on docket 2006NY005634 charging him with violating Penal Law section 240.50(3), Falsely Reporting an Incident in the Third Degree, a class A misdemeanor. Plaintiff was released on his own recognizance and the case was adjourned to part C for March 22, 2006.

26. On March 22, 2006 Plaintiff's criminal case, docket 2006NY005634, was adjourned in contemplation of dismissal until September 21, 2006. Docket 2006NY005634 was subsequently dismissed on that day.

27. Detective Haydee Urena and John Doe, detective, acted with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the Plaintiff.

28. The actions of Detective Haydee Urena and John Doe, detective, constituted unreasonable deprivation of liberty without due process of law.

29. Upon information and belief, the City of New York, Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department and New York City Police Department permitted and tolerated the unreasonable detention and wanton indifference to and deliberate disregard for the statutory and constitutional rights of Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENEA AND JOHN DOE, DETECTIVE

31. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 30, as if more fully stated herein at length.

32. The intentional verbal abuse, false arrest and false imprisonment by Detective Haydee Urena and John Doe, detective, violated the rights of the Plaintiff as guaranteed by the Fourth, Fifth and Eighth Amendments to the Unites States Constitution, for which Defendants are individually liable. Defendants having no lawful authority to arrest Plaintiff, did unlawfully arrest plaintiff with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of the Plaintiff. Thus Plaintiff is entitled to exemplary damages.

## AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENA AND JOHN DOE, DETECTIVE

33. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 32, as if more fully stated herein at length

34. Defendants Detective Haydee Urena and John Doe, detective, conspired to violate Plaintiff's statutory civil rights in violation of 42 U.S.C. sec.1983, for which Defendants Detective Haydee Urena and John Doe, detective are individually liable.

## AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENEA AND JOHN DOE, DETECTIVE.

35. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 34, as if more fully stated herein at length.

36. Plaintiff was verbally abused, falsely arrested and falsely imprisoned by Defendant Detective Haydee Urena and John Doe, detective, in a maner that was extreme, outrageous and unjustified that caused Plaintiff to suffer physical and emotional distress for which Defendants Detective Haydee Urena and John Doe, detective, are individually liable. The verbal abuse, false arrest and false imprisonment on and of Plaintiff by Defendants Detective Haydee Urena and John Doe, detective, was unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

## AS AND FOR A FOURTH CAUSE OF ACTION AS AGAINST THE CITY OF NEW YORK,

METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT AND NEW YORK CITY POLICE DEPARTMENT

37. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 36, as if more fully stated herein at length.

38. At all times pertinent hereto, Defendants Detective Haydee Urena and John Doe, detective, were acting within the scope of their employment as officers of the City of New York, Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department and New York City Police Department.

39. The City of New York, Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department and New York City Police Department are each liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants Detective Haydee Urena and John Doe, detective, committed within the scope of their employment.

AS AND FOR A FIFTH CAUSE OF ACTION AS AGAINST THE AS AND FOR A EIGHTH CAUSE OF ACTION AS AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENEA AND JOHN DOE, DETECTIVE

40. Plaintiff repeats, reiterates and realleges the allegations contained in paragraphs 1 through 39, as if more fully stated herein at length.

41. The City of New York, Metropolitan Transportation Authority, Metropolitan Transportation Authority Police Department, New York City Police Department, Detective Haydee Urena and John Doe Detective's failure to properly and adequately investigate the

pending criminal matter for which Plaintiff was sought, prior to Plaintiff's questioning and subsequent arrest, led to the negligent transportation of Plaintiff to Queens County Central Booking, after his arrest and further caused undue delay in Plaintiffs arraignment after he was subsequently transported to New York County Central Booking, demonstrating a deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

WHEREFORE, Plaintiff requests that this Court enter judgment against the Defendants and award the following amounts:

A. $3,000,000.00 compensatory damages in favor of Plaintiff;

B. $5,000,000.00 exemplary damages in favor of Plaintiff;

C. Costs and disbursements of this action, including reasonable attorneys fees to the Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Plaintiff demands a trial by jury in the within action.

Law Offices of Jason A. Steinberger, LLC

*[signature]*

Jason A. Steinberger, Esq.
(JAS 1019)
Attorney for Plaintiff
DAVID PODHASIE
865-B Walton Avenue
Bronx, NY 10451
(718) 585-2833