```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
DAVID PODHASKIE,
                                                Case # 07 CV 409
                  Plaintiff(s)

     -against-
                                                **ANSWER**
METROPOLITAN TRANSPORTATION AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, CITY OF NEW YORK,
NEW YORK CITY POLICE DEPARTMENT,
DETECTIVE HAYDEE URENA, shield 1001 of
the METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, and DETECTIVE JOHN
DOE of the METROPOLITAN TRANSPORTATION
AUTHORITY POLICE DEPARTMENT, the person
being the partner of Detective Urena,

                  Defendant(s).
-----------------------------------X
```

Defendants **METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENA and DETECTIVE JOHN DOE**, by their attorneys, KREZ & PEISNER, LLP, as and for an Answer to the complaint, allege upon information and belief:

FIRST: Deny in the form alleged all allegations contained in paragraphs "1," "2," "4," "5" and "21" of the complaint, and refer all questions of law and fact to the court.

SECOND: Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in paragraphs "3," "6," "7," "13," "15" and "16" of the complaint.

THIRD: Deny each and every allegation contained in paragraphs "23" and "24" and of the complaint, but admit that plaintiff was handcuffed and held at Queens Central Booking and New York County Central Booking.

FOURTH: Admit each and every allegation set forth in paragraph "8," "9," "10," "11," "12," "17," "18," "19," "20," "25," and "26" of the complaint.

FIFTH: Deny knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in paragraph "14" of the complaint, but admit that DETECTIVE URENA was and is employed by the METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT.

SIXTH: Deny each and every allegation contained in paragraphs "22," "27," "28" and "29" of the complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

SEVENTH: Repeat and realleges each and every denial and admission set forth in answer to paragraphs "1" through "29" of the complaint, in answer to the allegations contained in paragraph "31" of the complaint.

EIGHTH: Deny each and every allegation contained in paragraph "32" of the complaint.

2

**ANSWERING THE SECOND CAUSE OF ACTION**

NINTH: Repeat and reallege each and every denial and admission set forth in answer to paragraphs "1" through "32" of the complaint, in answer to the allegations contained in paragraph "33" of the complaint.

TENTH: Deny each and every allegation contained in paragraphs "34" of the complaint.

**ANSWERING THE THIRD CAUSE OF ACTION**

ELEVENTH: Repeat and reallege each and every denial and admission set forth in answer to paragraphs "1" through "34" of the complaint, in answer to the allegations contained in paragraph "35" of the complaint.

TWELFTH: Denies each and every allegation contained in paragraph "36" of the complaint.

**ANSWERING THE FOURTH CAUSE OF ACTION**

THIRTEENTH: Repeat and reallege each and every denial and admission set forth in answer to paragraphs "1" through "36" of the complaint, in answer to the allegations contained in paragraph "37" of the complaint.

FOURTEENTH: Deny each and every allegation contained in paragraph "38" of the complaint, but admit that Detectives Urena and Doe were acting within the scope of their authority as employees of the METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT.

FIFTEENTH: Deny each and every allegation contained in paragraph "39" of the complaint.

**ANSWERING THE FIFTH CAUSE OF ACTION**

SIXTEENTH: Repeat and reallege each and every denial and admission set forth in answer to paragraphs "1" through "39" of the complaint, in answer to the allegations contained in paragraph "40" of the complaint.

SEVENTEENTH: Deny each and every allegation contained in paragraph "41" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

EIGHTEENTH: The allegations in plaintiff's complaint fail to state a cause of action for which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

NINETEENTH: DETECTIVES URENA and DOE acted in good faith and in a manner consistent with the Constitution of the United States, the State of New York and all applicable laws.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

TWENTIETH: DETECTIVES URENA and DOE had probable cause to arrest the plaintiff.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

TWENTY-FIRST: Plaintiff admitted to the crime charged.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

TWENTY-SECOND: The answering defendants acted without malice.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

TWENTY-THIRD: The underlying criminal proceeding was not terminated in favor of plaintiff so as to support a claim for malicious prosecution and false arrest cause of action.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

TWENTY-FOURTH: Plaintiff has failed to obtain personal jurisdiction over defendants URENA and DOE.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

TWENTY-FIFTH: The METROPOLITAN TRANSPORTATION AUTHORITY and the METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT cannot be held liable on a theory of *respondeat superior* for claims brought under 42 U.S.C. §1983.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

TWENTY-NINTH: The METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT is not a separate agency that can sue or be sued.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

THIRTIETH: The METROPOLITAN TRANSPORTATION AUTHORITY, as a state agency, cannot be held liable for punitive damages.

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE**

THIRTY-FIRST: Plaintiff's arrest and detention was justified.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

THIRTY-SECOND: The use of force, if any, with respect to the plaintiff was reasonable under the circumstances.

**WHEREFORE,** defendants **METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENA and DETECTIVE JOHN DOE** demand judgment dismissing the complaint of the plaintiff, together with costs and disbursements.

**KREZ & PEISNER, LLP**

By: _____
**PAUL A. KREZ (PAK 3664)**
Attorneys for Defendants
**METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENA and DETECTIVE JOHN DOE**
225 Broadway - Suite 2199
New York, New York 10007
(212) 964-5000

**AFFIDAVIT OF SERVICE BY MAIL**

STATE OF NEW YORK    )
                     : ss.
COUNTY OF NEW YORK   )

**TARA GRECSEK**, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of eighteen (18) years, and resides in Richmond County, New York.

On February 12, 2007, deponent served the within **ANSWER, INTERROGATORIES, DEMAND FOR PRODUCTION OF DOCUMENTS AND THINGS, DEMAND FOR EXPERT INFORMATION, and NOTICE OF DEPOSITION** upon:

> **LAW OFFICES OF JASON A. STEINBERGER, LLC**
> Attorney for Plaintiff
> 865-B Walton Avenue
> Bronx, New York   10451
>
> **CITY OF NEW YORK**
> Law Department
> 100 Church Street
> New York, New York   10007
>
> **NEW YORK CITY POLICE DEPARTMENT**
> 100 Police Plaza
> New York, New York   10038

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and control of the United States Postal Service within New York State, addressed to that law firm at the last known address set forth above.

_____
**TARA GRECSEK**

Sworn to before me this
12th day of February, 2007

_____
      NOTARY PUBLIC