UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

DAVID PODHASKIE,

                                    Plaintiff,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY,
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT, CITY OF NEW YORK, NEW
YORK CITY POLICE DEPARTMENT, DETECTIVE
HAYDEE URENA, SHIELD 1001 of the
METROPOLITAN TRANSPORTATION AUTHORITY
POLICE DEPARTMENT and DETECTIVE JOHN DOE
of the METROPOLITAN TRANSPORTATION
AUTHORITY POLICE DEPARTMENT, the person being
the partner of DETECTIVE URENA,

                                    Defendants.

------------------------------------------------------------------- X

**ANSWER**

07 CV 409 (SHS) (AJP)

Jury Trial Demanded

       Defendant City of New York by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

3. Denies knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph "3" of the complaint, except denies that the amount in controversy, exclusive of interest, costs and fees, exceeds $100,000.

4. Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

5. Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke the Court's supplemental jurisdiction as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports that venue is proper.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that the City of New York is a municipal corporation.

9. Denies the allegations set forth in paragraph "9" of the complaint, except admits that the City of New York maintains a police department.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint, except denies that the defendant detectives were employed by the City of New York.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that what purports to be a Notice of Claim was received by the Comptroller's Office on or about April 5, 2006, and that the matter has not been settled.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that a hearing pursuant to General Municipal Law 50-H was conducted on or about September 27, 2006 and that the matter has not been settled.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint, except admits that plaintiff was arraigned in New York County Criminal Court on docket 2006NY005634 on January 24, 2006.

26. Denies the allegations set forth in paragraph "26" of the complaint, except admits that on March 22, 2006, plaintiff's criminal court matter was adjourned in contemplation of dismissal and was subsequently dismissed on September 21, 2006.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the complaint.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. In response to the allegations set forth in paragraph "31"[1] of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "29" inclusive of this answer, as if fully set forth herein.

31. Denies the allegations set forth in paragraph "32" of the complaint.

32. In response to the allegations set forth in paragraph "33" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "31" inclusive of this answer, as if fully set forth herein.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

---

[1] There is no paragraph "30" in the complaint.

34. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "33" inclusive of this answer, as if fully set forth herein.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the complaint.

36. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "35" inclusive of this answer, as if fully set forth herein.

37. Denies the allegations set forth in paragraph "38" of the complaint.

38. Denies the allegations set forth in paragraph "39" of the complaint.

39. In response to the allegations set forth in paragraph "40" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "38" inclusive of this answer, as if fully set forth herein.

40. Denies the allegations set forth in paragraph "41" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

41. The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

42. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

43. At all times relevant to the acts alleged in the complaint, the duties and functions of the City's officials entailed the reasonable exercise of their proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

44. Punitive damages cannot be awarded against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), 50(h) and 50(i).

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

46. Plaintiff did not satisfy all the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

47. The New York City Police Department is a non-suable entity.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of defendant City.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

49. The Metropolitan Transportation Authority is a separate and discreet entity from the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

50. No member of the New York City Police Department was involved in plaintiff's arrest and/or prosecution.

**WHEREFORE**, defendant City requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       April 9, 2007

                                MICHAEL A. CARDOZO
                                Corporation Counsel of the
                                  City of New York
                                *Attorney for Defendant City*
                                100 Church Street, Rm. 3-196
                                New York, New York 10007
                                (212) 788-1277

            By:    _____
                                SUZETTE CORINNE RIVERA (SR 4272)
                                Assistant Corporation Counsel

**Via ECF**
Jason Steinberger, Esq.
Attorney for Plaintiff

Index No. **07 CV 409 (SHS) (AJP)**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID PODHASKIE,

                                              Plaintiff,

-against-

METROPOLITAN TRANSPORTATION AUTHORITY, METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, DETECTIVE HAYDEE URENA, SHIELD 1001 of the METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT and DETECTIVE JOHN DOE of the METROPOLITAN TRANSPORTATION AUTHORITY POLICE DEPARTMENT, the person being the partner of DETECTIVE URENA,

                                              Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*

*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*City of New York*
*100 Church Street, Room 3-196*
*New York, N.Y. 10007*

*Of Counsel:* Suzette Corinne Rivera
*Tel: (212) 788-9567*
*NYCLIS No.*

Due and timely service is hereby Admitted.
New York, N.Y. April , 2007

                              .

Attorney for City of New York